IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:17-cv-10198 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARTIN R. RUBENSTEIN, | ) | |
| ESTHER RUBENSTEIN, | ) | |
| EASTERN BANK CORPORATION, | ) | |
| BANK OF AMERICA, N.A. | ) | |
| MASSACHUSETTS DEPARTMENT OF | ) | |
| REVENUE, and | ) | |
| CITY OF PEABODY, MASSACHUSETTS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT**

The United States of America, pursuant to 26 U.S.C. §§ 7401 and 7403, at the direction

of a delegate of the Attorney General of the United States, and with the authorization and

sanction of a delegate of the Secretary of the Treasury of the United States, brings this civil

action to: (1) enforce a Federal Tax Lien and judgment lien against the defendant Martin R.

Rubenstein for a civil penalty related to the tax period ending September 30, 1989, and as a

result seeks a judicial sale of the real property located at 5 Tumelty Road, Peabody,

Massachusetts 01960; and, (2) alternatively, declare that the United States has a valid and

subsisting judgment lien against the defendant Martin R. Rubenstein, and that as a result the

United States may enforce its judgment lien by ordering a judicial sale, pursuant to 28 U.S.C.

§ 3202(e), of the real property located at 5 Tumelty Road, Peabody, Massachusetts 01960.  For

its complaint, the United States alleges as follows:

## JURISDICTION, VENUE, AND PARTIES

1.      Jurisdiction is conferred upon the district court pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1396.

3.      The defendant Martin R. Rubenstein resides in Peabody, Massachusetts, within the jurisdiction of this Court.

4.      The defendant Esther Rubenstein, the wife of the defendant Martin R. Rubenstein, resides in Peabody, Massachusetts, within the jurisdiction of this Court, and is named as a party to this action as required by 26 U.S.C. § 7403(b), because she may claim an interest in the property upon which the United States seeks to enforce its liens.

5.      The defendant Eastern Bank Corporation, with a principal place of business of Boston, Massachusetts, is within the jurisdiction of this Court, and is named as a party to this action as required by 26 U.S.C. § 7403(b), because it may claim an interest in the property upon which the United States seeks to enforce its liens.

6.      The defendant Bank of America, N.A., as successor to Bank of New England, N.A., is within the jurisdiction of this Court because it is conducting business within the Commonwealth of Massachusetts, and is named as a party to this action as required by 26 U.S.C. § 7403(b), because it may claim an interest in the property upon which the United States seeks to enforce its liens.

7.      The defendant Massachusetts Department of Revenue, is a government unit subject to this Court's jurisdiction, and is named as a party to this action as required by 26 U.S.C. § 7403(b), because it may claim an interest in the property upon which the United States seeks to enforce its liens.

8.      The defendant City of Peabody, Massachusetts, is a government unit subject to

this Court's jurisdiction, and is named as a party to this action as required by 26 U.S.C.

§ 7403(b), because it has, or may claim, an interest in the property upon which the United States

seeks to enforce its liens.

### THE SUBJECT PROPERTY

9.     The real property upon which the United States seeks to enforce its Federal Tax

Lien consists of real property, commonly known as: 5 Tumelty Road, Peabody, Massachusetts

01960 (the "Real Property").  The legal description of the Real Property is:

> A certain parcel of land, together with the buildings and
> improvements thereon, situated in Peabody, in the County of Essex, in
> said Commonwealth, and being shown as Lot 37 on a Plan made by John
> S. Parson, surveyor, dated March 19, 1960 and recorded with Essex
> South District Deeds in Plan Book 96, Plan 7.  Said parcel is bounded
> and described as follows:
>
> SOUTHEASTERLY,
> SOUTHERLY, and
> SOUTHWESTERLY  by Tumelty Road, by three lines measuring
>                         eight and 86/100 (8.86) feet, one hundred
>                         twenty-nine and 90/100 (129.90) feet, and
>                         sixty (60) feet;
> NORTHWESTERLY by lot 36 on said plan, ninety-five (95)
>                         feet;
> NORTHEASTERLY  by lot 38 on said plan, one-hundred fifty and
>                         40/100 (150.40) feet.
>
> Containing 12,300 square feet of land, according to said plan.  Be said
> contents or any or all of said measurements more or less or
> however otherwise and said premises may be bounded, measured or
> described.
> The above described premises are conveyed subject to conditions,
> covenants, restrictions and easements set forth in instrument dated
> November 14, 1961 and recorded with said Deeds in Book 4865, Page
> 227.
> Subject to an easement in Tumelty Road of North Shore Gas Co. dated
> September 22, 1961 and recorded with said Registry, Book 4826, Page 22.

10.     Title to the Real Property was transferred from Isadore Rubenstein, Jean

Rubenstein, Martin R. Rubenstein and Esther Rubenstein, as joint tenants with rights of

3

survivorship (the "Sellers"), to the defendants Martin R. Rubenstein and Esther Rubenstein (the

"Buyers"), as tenants by the entirety, through a properly executed and delivered Quitclaim Deed

dated February 5, 1987, and recorded on February 11, 1987 in the records of the Registry of

Deeds of Southern Essex County, at Book 8794, Page 541.

### THE UNDERLYING TAX LIABILITIES OF MARTIN R. RUBENSTEIN

11.    The United States incorporates by reference paragraphs 1-10, above.

12.    On January 11, 1993, a delegate of the Secretary of the Treasury of the United

States of America made assessments against the defendant Martin R. Rubenstein pursuant to 26

U.S.C. § 6672, as a person responsible for collecting, truthfully accounting for, and paying over

to the Internal Revenue Service, the trust fund portion of federal income and Federal Insurance

Contributions Act (FICA) taxes withheld from the wages of employees of MECH-EL Industries,

Inc., and who willfully failed to collect, truthfully account for, and pay over to the Internal

Revenue Service those taxes with respect to the tax periods ending March 31, 1989, June 30,

1989, and September 30, 1989, with a balance due as of February 1, 2017, of $490,009.55.

13.    On or about the dates of the tax assessments described in paragraph 12, above, a

delegate of the Secretary of the Treasury of the United States of America gave notice of those tax

liabilities to, and made a demand for payment of the balance due upon, the defendant Martin R.

Rubenstein.

14.    Despite such notice and demand, the defendant Martin R. Rubenstein has failed,

neglected, or refused to pay the civil penalty set forth above in full, and, after the application of

all abatements, payments, and credits, he remains liable to the United States for the unpaid

balance of his September 30, 1989 trust fund recovery penalty liability in the amount of

$490,009.55, plus other statutory additions and interest that continues to accrue from and after

February 1, 2017.

### COUNT ONE
### Claim to Enforce Federal Tax Lien and Judgment Lien Against The Real Property

15.    The United States incorporates by reference paragraphs 1 – 14, above.

16.    Pursuant to 26 U.S.C. §§ 6321 and 6322, as a result of the neglect, refusal or

failure by the defendant Martin R. Rubenstein to pay the liabilities described in paragraph 12,

above, after notice and demand, Federal Tax Liens in the amount of the original assessments,

plus interest and other statutory additions, arose on the dates of the assessments, and attached to

all property and rights to property belonging to the defendant Martin R. Rubenstein, including

the Real Property.

17.    On August 25, 1993, a Notice of Federal Tax Lien for the civil penalty regarding

the tax period ending September 30, 1989, was filed in accordance with 26 U.S.C. § 6323(f) with

the Registry of Deeds for Southern Essex County, at Book 12078, Page 312, in the name of the

defendant Martin R. Rubenstein.

18.    On June 2, 1998, the United States as counterclaim plaintiff obtained a default

judgment against the defendant Martin R. Rubenstein, in his capacity as a counterclaim

defendant, in civil case no. 96-11639-NG (D. Mass.), captioned *Peter McKenzie v. United States*

*of America v. Martin Rubenstein*, wherein the United States established the validity of the federal

tax assessments set forth in paragraph 12, above, and reduced these assessments to a judgment.

Pursuant to 26 U.S.C. § 6502(a)(2)(B), the commencement of that civil action extended the

period during which the United States could collect the federal tax liabilities of the defendant

Martin R. Rubenstein, such that the collection period does not expire until the liabilities

described above are satisfied in full, or become unenforceable.

19.    On September 2, 1999, the Clerk of the Court for the United States District Court

for the District of Massachusetts entered an abstract of judgment in civil case no. 96-11639-NG

against the defendant Martin R. Rubenstein, in the amount of $254,158.81, with interest as

allowed by law from February 28, 1998.  This abstract of judgment was filed in accordance with

28 U.S.C. § 3201 with the Registry of Deeds for Southern Essex County on September 22, 1999,

at Book 15948, page 590.  A copy of the recorded abstract of judgment is attached hereto as

Exhibit A.

      20.     As stated in paragraph 12, above, interest on the prior judgment against the

defendant Martin R. Rubenstein has continued to accrue, and as of February 1, 2017, he remains

liable to the United States in the amount of $490,009.55.

      21.     Pursuant to 28 U.S.C. § 3011(a), the United States is entitled to a ten-percent

surcharge when judicially enforcing a prior federal judgment lien that remains unsatisfied.

      22.     The August 25, 1993, Notice of Federal Tax Lien described in paragraph 17,

above, was not timely refiled by the statutory deadline of February 10, 2003, and as a result, this

failure to refile operated as a release of the original January 11, 1993, statutory assessment lien.

      23.     On November 7, 2005, a Notice of Federal Tax Lien for the civil penalty

regarding the tax period ending September 30, 1989, was filed with the Registry of Deeds of

Southern Essex County, at Book 25047, Page 504.  This filing was ineffective because the

statutory federal tax lien had been released as stated in paragraph 22, above.

      24.     On June 5, 2006, a Revocation of Certificate of Release of Federal Tax Lien was

filed with the Registry of Deeds of Southern Essex County, at Book 25746, Page 536.  The filing

of this revocation operated to reinstate the statutory Federal Tax Lien for the civil penalty

regarding the tax period ending September 30, 1989, pursuant to 26 U.S.C. § 6325(f)(2).

      25.     On October 27, 2006, a Notice of Federal Tax Lien for the civil penalty regarding

the tax period ending September 30, 1989, was filed in accordance with 26 U.S.C. § 6323(f) with

the Registry of Deeds for Southern Essex County Book 26224, Page 579, in the name of the

defendant Martin R. Rubenstein.

26.    On November 2, 2006, a duplicate Notice of Federal Tax Lien for the civil

penalty regarding the tax period ending September 30, 1989, was filed in accordance with 26

U.S.C. § 6323(f), by a separate office of the IRS, with the Registry of Deeds for Southern Essex

County Book 26249, Page 419, in the name of the defendant Martin R. Rubenstein.

27.    The October 27, 2006, Notice of Federal Tax Lien was not refiled as it was

duplicative of the November 2, 2006, Notice of Federal Tax Lien.  Nevertheless, this failure to

refile caused the release of the underlying statutory lien with respect to the assessment of the

civil penalty regarding the tax period ending September 30, 1989.

28.    On May 15, 2012, the November 2, 2006, Notice of Federal Tax Lien was refiled

in accordance 26 C.F.R. § 301.6323-1, in the name of the defendant Martin R. Rubenstein with

the Registry of Deeds for Southern Essex County, at Book 31341, Page 272.  This refiling was

ineffective because the statutory federal tax lien had self-released when the October 27, 2006,

Notice of Federal Tax lien was not timely refiled.

29.    On June 15, 2016, pursuant to 26 U.S.C. § 6325(f)(2), the statutory Federal Tax

Lien underlying the Notices of Federal Tax Lien recorded on October 27, 2006, and November

2, 2006, respectively, which had self-released by its own terms or which was ineffective, was

reinstated by way of filing of a Revocation of Release of Federal Tax Lien, filed with the

Registry of Deeds for Southern Essex County, at Book 35004, Page 403 (as to the November 2,

2006, Notice of Federal Tax Lien), and at Book 35004, Page 405 (as to the October 27, 2006,

Notice of Federal Tax Lien).

30.     On June 28, 2016, a Notice of Federal Tax Lien for the civil penalty regarding the tax period ending September 30, 1989, was filed in accordance with 26 U.S.C. § 6323(f) with the Registry of Deeds for Southern Essex County, at Book 35037, Page 533, in the name of the defendant Martin R. Rubenstein.

31.     The Federal Tax Lien regarding the defendant Martin R. Rubenstein attaches to all property, and rights to property owned by the defendant Martin R. Rubenstein, including the Real Property, and the Federal Tax Liens against the defendant Martin R. Rubenstein should be enforced against his one-half interest in the Real Property.  The United States is entitled to have the entire Real Property sold free and clear of all rights, titles, claims, liens and interests of the parties, including any right of redemption, and the proceeds of the sale should be distributed, after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), first by dividing the remainder of the proceeds in half, with one-half paid to the United States to pay the tax liabilities of the defendant Martin R. Rubenstein described herein, with any remainder as well as the other half of the proceeds, to be distributed to the other parties as the Court determines in accordance with the law.

**COUNT TWO**
**Claim to Enforce Federal Judgment Lien Against the Real Property**

32.     The United States incorporates by reference paragraphs 1 – 31, above.

33.     Upon the filing of the United States' abstract of judgment described in paragraph 19, above, a federal judgment lien arose and attached to all real property of the defendant Martin R. Rubenstein within Essex County, Massachusetts.

34.     Pursuant to 28 U.S.C. § 3001 *et seq.* (the "Federal Debt Collection Procedures Act"), if the Court is to find that the Federal Tax Liens described in this complaint are invalid, then the United States is alternatively entitled to judgment finding that the defendant Martin R.

Rubenstein is liable to the United States for the amounts stated in the United States' abstract of judgment, with interest as stated in paragraph 20, above.

35.    Pursuant to 28 U.S.C. § 3010, the United States is authorized to enforce the judgment lien against the defendant Martin R. Rubenstein's interest in the Real Property, notwithstanding the entireties interest of the defendant Esther Rubenstein.

36.    Pursuant to 28 U.S.C. § 3011(a), because the defendant Martin R. Rubenstein has failed to satisfy his outstanding tax liabilities secured by the judgment lien, the United States is entitled to recover a ten-percent surcharge of the amount of the outstanding debt.

37.    Pursuant to 28 U.S.C. § 3202(e), the United States is entitled to have the entire Real Property sold free and clear of all rights, titles, claims, liens and interests of the parties, including any right of redemption, and the proceeds of the sale should be distributed, after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), first by dividing the remainder of the proceeds in half, with one-half paid to the United States to pay the tax liabilities of the defendant Martin R. Rubenstein described herein, with any remainder as well as the other half of the proceeds, to be distributed to the other parties as the Court determines in accordance with the law.

WHEREFORE, the plaintiff United States of America prays for judgment determining:

A.    That the Real Property is subject to a valid and subsisting Federal Tax Lien securing the liability of the defendant Martin R. Rubenstein for the civil penalty related to the tax period ending September 30, 1989, as described in this complaint;

B.    That the Real Property is subject to a valid and subsisting judgment lien securing the liability of the defendant Martin R. Rubenstein for the civil penalty related to the tax period ending September 30, 1989, as described in this complaint;

C.      That the Federal Tax Lien and the judgment lien of the United States securing the liabilities of the defendant Martin R. Rubenstein described in this complaint shall be enforced upon the Real Property by ordering the sale of the entire Real Property, free and clear of all rights, titles, claims, liens and interests of the parties, including any right of redemption, and the proceeds of the sale shall be distributed, after the payment of the cost of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), first by dividing the remainder of the proceeds in half, with one-half paid to the United States to pay the tax liabilities of the defendant Martin R. Rubenstein described herein, with any remainder as well as the other half of the proceeds to be distributed to the other parties as the Court determines in accordance with the law.

D.      Alternatively, that the judgment lien of the United States securing the liabilities of the defendant Martin R. Rubenstein described in this complaint shall be enforced upon the Real Property by ordering the sale of the entire Real Property, free and clear of all rights, titles, claims, liens and interests of the parties, including any right of redemption, and the proceeds of the sale shall be distributed, after the payment of the cost of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), first by dividing the remainder of the proceeds in half, with one-half paid to the United States to pay the tax liabilities of the defendant Martin R. Rubenstein described herein, with any remainder as well as the other half of the proceeds to be distributed as the Court determines in accordance with the law.

E.      That the United States is awarded the ten-percent surcharge permitted under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3011(a); and,

F.      That the United States of America is entitled to its costs in this action and to such

other and further relief as the Court may deem just and proper.

        Dated: February 4, 2017

                                        Respectfully submitted,

                                        DAVID A. HUBBERT
                                        Acting Assistant Attorney General
                                        U.S. Department of Justice, Tax Division


                                        /s/ Jeffrey N. Nunez
                                        JEFFREY N. NUNEZ
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 55
                                        Washington, D.C.  20044
                                        202-616-5218 (v)
                                        202-514-5238 (f)
                                        Jeffrey.N.Nunez@usdoj.gov

LOCAL COUNSEL:

JAMES P. KENNEDY
Acting United States Attorney,
District of Massachusetts
One Courthouse Way – Suite 9200
Boston, MA 02210